ᴜᴅ

## IN THE CIRCUIT COURT
## FOR THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY
## STATE OF FLORIDA

ANA MARIA HAZLETON

6:10-cv-342-Orl-31DAB

      Plaintiff,

vs.

CASE NO.: 2009· CA - 40382

DEMAND FOR JURY TRIAL

# 40

THE CITY OF ORLANDO, a municipal
corporation and political subdivision of
the State of Florida: CHIEF VAL DEMINGS,
Chief of Police of the Orlando Police Department,
In her official capacity; FERNANDO TRINIDAD, individually and in
his official capacity,  FRANK SIKOS, individually and in
his official capacity, BRANDON LOVERDE, individually and in his
official capacity and EDWARD ALBINO, individually and in his official
capacity.

      Defendants.

_____/

2009 DEC 28  PM 1:14
LYDIA GARDNER
CLERK CIRCUIT COURT
ORANGE CO., FL.
FILED IN OFFICE
CIVIL DIVISION

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff ANA MARIE HAZLETON, by and through her undersigned counsel,   hereby

sues the Defendants named above and state:

## JURISDICTION AND VENUE

1.      In addition to several State civil causes of action, the Plaintiff is asserting a

claims of violations of the Civil Rights Act of 1866, as amended, 42 U.S.C. 1983,

42 U.S. C. 1988, resulting from deprivations, under color of law, of Plaintiffs'

rights, under the fourth, eighth and fourteenth amendments of the United States Constitution and various state law claims.

2. Plaintiffs, ANA MARIA HAZLETON was a resident of Orange County, Florida and the conduct complained of herein occurred within the jurisdiction of this Court; namely, Orange County, Florida.

3. This is a civil complaint for various causes of action in which the damages exceed the amount of $15,000.00, exclusive of interest, attorney's fees and costs.

## THE PARTIES

4. At all times material, Defendant, VAL DEMINGS, ("DEMINGS") or her predecessor, as Chief of Police of the Orlando Police Department was acting in her or his official capacity and promulgated the policies and procedures governing the investigation of suspects, arrest of citizens and detention of citizens. The Chief of Police was responsible for supervising the training, instructing, disciplining and controlling the conduct of the officer defendants as described herein. The Chief of Police is also charged with promulgating all orders, rules, instructions and regulations to its employees, including but not limited to; properly and adequately investigating crimes, arresting and detaining citizens. At all times material hereto, the Orlando Police Department the duly authorized police agency of the City of Orlando which is a municipality or political subdivision of the State of Florida.

5. At all times material hereto the Defendant FERNANDO TRINIDAD was acting within the course and scope of his employment as a law enforcement officer and

was employed with the Orlando Police Department. Defendant TRINIDAD is sued individually and in his official capacity.

6.     At all times material hereto the Defendant FRANK SIKOS was acting within the course and scope of his employment as a law enforcement officer and was employed with the Orlando Police Department. Defendant SIKOS is sued individually and in his official capacity.

7.     At all times material hereto the Defendant BRANDON LOVERDE was acting within the course and scope of his employment as a law enforcement officer and was  employed with the Orlando Police Department. Defendant LOVERDE is sued individually and in his official capacity.

8.     At all times material hereto the Defendant EDWARD ALBINO was acting within the course and scope of his employment as a law enforcement officer and was employed with the Orlando Police Department. Defendant ALBINO is sued individually and in his official capacity.

9.     At all times material to this Compliant, all Defendants were acting under color of State law, to wit:  State statutes, ordinances, regulations, customs and usages of the State of Florida and in their actions and appearances pursuant to their authority as police officers and municipal entities.

10.    All conditions precedent for the filing of this lawsuit have occurred, been satisfied, or been waived in accordance with Fla.Stat. 768.28 and any other notice requirement pursuant to Federal or State Law.

## FACTUAL ALLEGATIONS

11.     On or about May 13, 2007, the Plaintiff, Ana Marie Hazleton (hereinafter "Ms.

Hazleton") was eating dinner with several guests at her residence located at 5056

Boathouse Drive, Orlando, Florida.  Also residing at the home were Plaintiff's

two sons, Plaintiff John Hazleton ("John") and Anthony Albino ("Anthony").

At some point during the evening, the police were called with regard to a

disturbance in the front yard of the residence.  City of Orlando police officers

Loverde and Trinidad responded and observed several persons in the front yard of

the residence.   The officers reported seeing a discussion between two persons

which involved Anthony Albino (no relation to defendant Albino).  In fact,

Anthony was "horsing around" with a longtime friend.  Anthony was immediately

detained by the officers.

        At that moment, Plaintiff's son, John Hazleton arrived at the residence.

His brother, Anthony, called to him to go inside and get their mother, Ms.

Hazleton.  John duly walked into the open garage of the residence and shouted for

his mother to come out "now".  Ms. Hazleton, who was still at the dinner table

with friends, went to the garage door and cautioned her son about his tone of

voice.  In frustration, John Hazleton struck a punching bag which was located in

the garage.  Ms. Hazleton told John to go to his room (inside the residence).

Simultaneously, Defendant Loverde attempted to detain John by calling out for

him to "stop".   Defendant Trinidad ran into the garage and forcefully grabbed

John, driving him into Ms. Hazleton, all the while yelling that John was under

arrest.

Ms. Hazleton, who up to this point, had not known of the presence of the defendant police officers, cried out to explain that she had just told John to go to his room and that he (John) had not done anything wrong. While pinning John's arms, Defendant Trinidad commanded Ms. Hazleton to get in the house and pushed her violently in that direction and as began to lead John out of the garage. During this time, Defendant Loverde also ran into the garage and seized Ms. Hazleton, twisting her arm behind her. As Ms. Hazleton was just recovering from multiple surgeries, she screamed in pain and told Defendant Loverde that she had just had surgery to her head, face and chest area and that he was hurting her. Defendant Loverde then released Ms. Hazleton who retreated into her home. John Hazleton was arrested at this time.

Once inside, Ms. Hazleton advised the defendants that she was going to call her attorney. Defendant Sikos ordered Ms. Hazleton to come out of her house. When she did not, defendant Sikos, defendant Albino and defendant Trinidad entered the residence to arrest her. They rushed toward Ms. Hazleton who backed away, asking about the reason for her arrest. In response, defendant Sikos sprayed Ms. Hazleton with a noxious chemical agent, pepper spray. Ms. Hazleton covered her face with her hands and, blinded, fled into her bedroom, repeating that she had not done anything and was still recovering from surgery. Defendant Sikos pursued and kicked in the bedroom door, splintering it. He and defendants Albino and Trinidad went into the bedroom and one or all of them struck Ms. Hazleton until she fell onto the bed. Ms. Hazleton was then handcuffed.

After Ms. Hazleton was handcuffed and nonresistant, defendant Sikos lifted Ms. Hazleton by her hair and sprayed a noxious chemical agent, pepper spray, directly into her face and eyes. Defendants Sikos and Trinidad then carried Ms. Hazleton to a patrol car and secured her within.

While confined, Ms. Hazleton repeatedly importuned the defendants to allow her medical care because she was unable to see or breathe and because she was in great pain from re-injury to her recent surgical incisions as inflicted by the defendants. Although blinded, Ms. Hazleton overheard one of the defendants exclaim, "No, let her suffer a little bit". After being made to endure her pain for a period acceptable to the defendants, Ms. Hazleton was taken to the hospital for treatment. Once treated, she was then transported to the Orange County Jail where, in addition to the accumulation of indignities she had already suffered at the hands of the defendants, she was stripped, searched and incarcerated until such time as she was able to pay her bond.

12.     Defendant Trinidad arrested John Hazleton for the alleged offenses of Resisting a Law Enforcement Officer With Violence and Resisting a Enforcement Officer Without Violence. The Office of the State Attorney did not file criminal charges and the criminal case was dropped for lack of evidence.

13.     Defendant Sikos arrested Plaintiff Anna Maria Hazleton for the alleged offenses of Battery on a Law Enforcement Officer, Resisting a Law Enforcement Officer With Violence and Resisting a Enforcement Officer Without Violence. As a result of this arrest, Plaintiff Anna Maria Hazleton was unlawfully detained at the Orlando Regional Medical Center and then at the Orange County Jail until the

time of her release.

14.    ANA MARIA HAZLETON was prosecuted criminally for said crimes by the Office of the State Attorney, Ninth Judicial Circuit, Orange County.  During the course of her prosecution, defendants Trinidad, Sikos, Albino and Loverde submitted false reports and withheld exculpatory evidence in an effort to maliciously further the prosecution.   Because of the wrongful arrest, criminal prosecution, physical assault and detention she endured, Plaintiff has suffered emotional, physical and financial injuries.

15.    Insofar as Plaintiff Ana Maria Hazleton did not resist or oppose a law enforcement officer in the lawful performance of his duty, did not batter a law enforcement officer and there was no evidence that Plaintiff was in anyway guilty of the offenses for which she had been arrested; the Office of the State Attorney dropped the criminal case.

16.    As a direct, proximate and foreseeable result of the acts and omissions of Defendant (s), its deputies, agents, employees or representatives, Plaintiff Ana Maria Hazleton was wrongfully arrested and subjected to continued detention resulting in the loss of liberty and freedom, had to hire a criminal defense attorney, sustained loss of wages, loss of employment, loss of the enjoyment of life, loss of reputation, physical detention against her will, pain, suffering, and mental anguish. Defendants' actions were callously, deliberately and/or recklessly indifferent to the rights and welfare of Plaintiff Hazleton and caused Plaintiff damages.

17.    Chief Val Demings, or her predecessor, failed to adequately train and/or supervise

Trinidad, Sikos, Loverde and Albino regarding the appropriate use of arrest powers and the use of non-deadly force. By her failure to provide the aforementioned training and supervision, Demings caused Trinidad, Sikos, Loverde and Albino to fail to unlawfully arrest the Plaintiff and use inappropriate levels of force against her. Demings further failed to adequately train and/or supervise Trinidad, Sikos, Loverde and Albino regarding their entry onto private property and into residences such as the Plaintiff's.

18.     Chief Val Demings caused the unnecessary and unreasonable use of force against Ms. Hazleton by not conducting full and impartial administrative reviews of excessive force and unlawful arrest situations such as befell Ms. Hazleton at the hands of Trinidad, Sikos, Loverde and Albino and by failing to impose disciplinary sanctions on employees guilty of improper conduct.

19.     As a direct result of the collective defendants' acts, Ms. Hazleton has suffered from depression, has recurring nightmares, has trouble sleeping and has suffered medical complications to then recent cosmetic surgeries. These medical complications have resulted in permanent injury and severe pain and suffering to Ms. Hazleton.

20.     Prior to her arrest, Ms. Hazleton was gainfully employed as a real estate broker. As a direct result of the collective acts of the defendants', Ms. Hazleton has been unable to maintain steady and gainful employment due to her ongoing medical and mental conditions, as well as the criminal record of her arrest, as caused by the defendants' actions.

## COUNT I – DEPRIVATION OF THE CIVIL RIGHTS (U.S.C §1983)OF ANA MARIA HAZLETON AGAINST DEFENDANT TRINIDAD

21. Plaintiff ANA MARIA HAZLETON hereby incorporates the allegations contained in paragraph 1 through 20 above as if fully set forth herein.

22. Defendant TRINIDAD, in his individual and official capacity, acting alone and in concert with Defendants SIKOS, LOVERDE and ALBINO , and in the course and scope of his employment as a police officer with the Orlando Police Department, exercised excessive and unreasonable force on the person of Plaintiff ANA MARIA HAZLETON and detained her and arrested her without probable cause.

23. Defendant TRINIDAD'S behavior, individually and in concert with Defendants SIKOS, LOVERDE and ALBINO, was shocking to the conscience. This behavior included illegally trespassing on the property of Plaintiff ANA MARIA HAZLETON, falsely arresting her, spraying her face with noxious chemical agents and beating her severely when she was not resisting.

24. Acting under the color of law, as agent of and with the authority of the City of Orlando, Florida, Defendant TRINIDAD intentionally and with complete, reckless and callous disregard and indifference for Plaintiff ANA MARIA HAZLETON'S civil rights, caused Plaintiff to be deprived of her constitutional rights, including but not limited to those under the Fourth, Fifth Fourteenth Amendments of the United States Constitution by:

   a. using a degree of force that was unreasonable under the circumstances and in arresting her without probable cause, in violation of Plaintiff

HAZLETON'S right to be free from an unreasonable seizure under the Fourth Amendment;

b. subjecting Plaintiff ANA MARIA HAZLETON to punishment without the benefit of a trial by jury in violation of her rights under the Fifth Amendment;

c. depriving Plaintiff of her liberty by subjecting her to unwarranted and unreasonable restraints on her person without due process in violation of her rights under the Fourth Amendment; and

d. depriving Plaintiff ANA MARIA HAZLETON of due process of law secured by the Fourth Amendment including her right to be secure in her person and her house and to be free from the use of unreasonable and excessive force when being apprehended, and being arrested without probable cause.

e. depriving Plaintiff ANA MARIA HAZLETON of due process of law secured by the Fourteenth Amendment including her right to be free from the use of unreasonable and excessive force after her apprehension.

25. By reason of the foregoing, Defendant TRINIDAD violated 42 U.S.C. §1983.

26. As a direct and proximate result of the Defendants' actions, Plaintiff ANA MARIA HAZLETON suffered bodily injury, humiliation, embarrassment, mental anguish, oppression, loss of employment, inconvenience, loss of dignity, loss of liberty and damage to her reputation.

**WHEREFORE**, Plaintiff ANNA MARIA HAZLETON demands judgment against the

Defendant TRINIDAD  for compensatory damages, punitive damages, where applicable, costs

and attorney's fees as provided by 42 U.S.C. §1988 and TRIAL BY JURY pursuant to the

Florida Rules of Civil Procedure.

## COUNT II – DEPRIVATION OF THE CIVIL RIGHTS (U.S.C §1983) OF ANA MARIA HAZLETON AGAINST DEFENDANT SIKOS

27.   Plaintiff ANA MARIA HAZLETON hereby incorporates the allegations

contained in paragraph 1 through 20  above as if fully set forth herein.

28.   Defendant SIKOS, in his individual and official  capacity,  acting alone and in

concert with Defendants TRINIDAD, LOVERDE and ALBINO,  and in the

course and scope of his employment as a police officer with the Orlando Police

Department, exercised excessive and unreasonable force on the person of Plaintiff

ANA MARIA HAZLETON and detained her and arrested her without probable

cause.

29.   Defendant SIKOS'   behavior, individually and in concert with Defendants

TRINIDAD, LOVERDE and ALBINO was shocking to the conscience.  This

behavior included illegally trespassing on the property of Plaintiff ANA MARIA

HAZLETON, falsely arresting her, spraying her face with noxious chemical

agents and beating her severely when she was not resisting.

30.   Acting under the color of law, as agent of and with the authority of the City of

Orlando, Florida, Defendant SIKOS intentionally and with complete, reckless and

callous disregard and indifference for Plaintiff ANA MARIA HAZLETON'S civil

rights, caused Plaintiff to be deprived of her constitutional rights, including but

not limited to those under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by:

a. using a degree of force that was unreasonable under the circumstances and in arresting her without probable cause, in violation of Plaintiff HAZLETON'S right to be free from an unreasonable seizure under the Fourth Amendment;

b. subjecting Plaintiff ANA MARIA HAZLETON to punishment without the benefit of a trial by jury in violation of her rights under the Fifth Amendment;

c. depriving Plaintiff of her liberty by subjecting her to unwarranted and unreasonable restraints on her person without due process in violation of her rights under the Fourth Amendment; and

d. depriving Plaintiff ANA MARIA HAZLETON of due process of law secured by the Fourth Amendment including her right to be secure in her person and her house and to be free from the use of unreasonable and excessive force when being apprehended, and being arrested without probable cause.

e. depriving Plaintiff ANA MARIA HAZLETON of due process of law secured by the Fourteenth Amendment including her right to be free from the use of unreasonable and excessive force after her apprehension

31. By reason of the foregoing, Defendant SIKOS violated 42 U.S.C. §1983.

32. As a direct and proximate result of the Defendants' actions, Plaintiff ANA MARIA HAZLETON suffered bodily injury, humiliation, embarrassment, mental

anguish, oppression, loss of employment, inconvenience, loss of dignity, loss of

liberty and damage to her reputation.

**WHEREFORE**, Plaintiff ANA MARIA HAZLETON demands judgment against

Defendant SIKOS   for compensatory damages, punitive damages, where applicable, costs and

attorney's fees as provided by 42 U.S.C. §1988 and TRIAL BY JURY pursuant to the Florida

Rules of Civil Procedure.


**COUNT III – DEPRIVATION OF THE CIVIL RIGHTS (U.S.C §1983)**
**OF ANA MARIA HAZLETON AGAINST DEFENDANT LOVERDE**

33.   Plaintiff ANA MARIA HAZLETON hereby incorporates the allegations

contained in paragraph 1 through 20   above as if fully set forth herein.

34.   Defendant LOVERDE, in his individual and official capacity, acting alone and in

concert with Defendants TRINIDAD, SIKOS and ALBINO , and in the course

and scope of his employment as a police officer with the Orlando Police

Department, exercised excessive and unreasonable force on the person of Plaintiff

ANA MARIA HAZLETON and detained her and arrested her without probable

cause.

35.   Defendant LOVERDE'S behavior, individually and in concert with Defendants

TRINIDAD, SIKOS and ALBINO was shocking to the conscience.  This behavior

included grabbing and physically battering Plaintiff ANA MARIA HAZLETON

when she was not resisting and illegally trespassing into her residence.

36.   Acting under the color of law, as agent of and with the authority of the City of

Orlando, Florida, Defendant LOVERDE intentionally, and with complete,

reckless and callous disregard and indifference for Plaintiff ANA MARIA

HAZLETON'S civil rights, caused Plaintiff to be deprived of her constitutional

rights, including but not limited to those under the Fourth and Fourteenth

Amendments to the United States Constitution by:

a.      using a degree of force that was unreasonable under the circumstances and

        in arresting her without probable cause, in violation of Plaintiff

        HAZLETON'S right to be free from an unreasonable seizure under the

        Fourth Amendment;

b.      subjecting Plaintiff ANA MARIA HAZLETON to punishment without the

        benefit of a trial by jury in violation of her rights under the Fifth

        Amendment;

c.      depriving Plaintiff of her liberty by subjecting her to unwarranted and

        unreasonable restraints on her person without due process in violation of

        her rights under the Fourth Amendment; and

d.      depriving Plaintiff ANA MARIA HAZLETON of due process of law

        secured by the Fourth Amendment including her right to be secure in her

        person and her home and to be free from the use of unreasonable and

        excessive force when being apprehended, and being arrested without

        probable cause.

e.      depriving Plaintiff ANA MARIA HAZLETON of due process of law

        secured by the Fourteenth Amendment including her right to be free from

        the use of unreasonable and excessive force after her apprehension

37.     By reason of the foregoing, Defendant LOVERDE   violated 42 U.S.C. §1983.

38.   As a direct and proximate result of the Defendants' actions, Plaintiff ANA
MARIA HAZLETON suffered bodily injury, humiliation, embarrassment, mental
anguish, oppression, loss of employment, inconvenience, loss of dignity, loss of
liberty and damage to her reputation.

**WHEREFORE**, Plaintiff ANA MARIA HAZLETON demands judgment against
Defendant LOVERDE for compensatory damages, punitive damages, where applicable, costs
and attorney's fees as provided by 42 U.S.C. §1988 and TRIAL BY JURY pursuant to the Florida
Rules of Civil Procedure.

## COUNT IV – DEPRIVATION OF THE CIVIL RIGHTS (U.S.C §1983) OF ANA MARIA HAZLETON AGAINST DEFENDANT ALBINO

39.   Plaintiff ANA MARIA HAZLETON hereby incorporates the allegations
contained in paragraph 1 through 20 above as if fully set forth herein.

40.   Defendant ALBINO, in his individual and official capacity, acting alone and in
concert with Defendants TRINIDAD, SIKOS and LOVERDE, and in the course
and scope of his employment as a police officer with the Orlando Police
Department, exercised excessive and unreasonable force on the person of Plaintiff
ANNA MARIA HAZLETON and detained her and arrested her without probable
cause.

41.   Defendant ALBINO'S behavior, individually and in concert with Defendants
TRINIDAD, SIKOS and LOVERDE was shocking to the conscience. This
behavior included illegally trespassing on the property of Plaintiff ANNA MARIA

HAZLETON, falsely arresting her, spraying her face with noxious chemical agents and beating her severely when she was not resisting.

42.   Acting under the color of law, as agent of and with the authority of the City of Orlando, Florida, Defendant ALBINO intentionally and with complete, reckless and callous disregard and indifference for Plaintiff ANA MARIA HAZLETON'S civil rights, caused Plaintiff to be deprived of her constitutional rights, including but not limited to those under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by:

a.   using a degree of force that was unreasonable under the circumstances and in arresting her without probable cause, in violation of Plaintiff HAZLETON'S right to be free from an unreasonable seizure under the Fourth Amendment;

b.   subjecting Plaintiff ANA MARIA HAZLETON to punishment without the benefit of a trial by jury in violation of her rights under the Fifth Amendment;

c.   depriving Plaintiff of her liberty by subjecting her to unwarranted and unreasonable restraints on her person without due process in violation of her rights under the Fourth Amendment; and

d.   depriving Plaintiff ANA MARIA HAZLETON of due process of law secured by the Fourth Amendment including her right to be secure in her person and her home and to be free from the use of unreasonable and excessive force when being apprehended, and being arrested without probable cause.

e.     depriving Plaintiff ANA MARIA HAZLETON of due process of law

secured by the Fourteenth Amendment including her right to be free from

the use of unreasonable and excessive force after her apprehension.

43.     By reason of the foregoing, Defendant ALBINO  violated 42 U.S.C. §1983.

44.     As a direct and proximate result of the Defendants' actions, Plaintiff ANA

MARIA HAZLETON suffered bodily injury, humiliation, embarrassment, mental

anguish, oppression, loss of employment, inconvenience, loss of dignity, loss of

liberty and damage to her reputation.

**WHEREFORE**, Plaintiff ANA MARIA HAZLETON demands judgment against

Defendant ALBINO  for compensatory damages, punitive damages, where applicable, costs and

attorney's fees as provided by 42 U.S.C. §1988 and TRIAL BY JURY pursuant to the Florida

Rules of Civil Procedure.

## COUNT V - FALSE ARREST/FALSE IMPRISONMENTAGAINST  DEFENDANT TRINIDAD

45.     Plaintiff ANA MARIA HAZLETON incorporates the allegations contained in the

preceding paragraphs 1-20 as if fully set forth.

46.     This is a State law claim for damages in excess of the jurisdictional amount.

47.     Defendant TRINIDAD,  individually, acting with the course and scope of his

employment, and acting in concert with defendant Loverde, defendant Sikos and

defendant Albino,  falsely arrested and imprisoned Plaintiff ANA MARIA

HAZLETON, all in bad faith, or with malicious purpose or in a manner exhibiting

wanton and willful disregard of human rights, safety or property,  when in fact,

Plaintiff HAZLETON had committed no crime, nor broken any law and said detention, arrest and imprisonment was without probable cause.

48.   In fact, all charges that were illegally, wrongfully and fraudulently levied against Plaintiff ANA MARIA HAZLETON were dismissed or dropped by the State Attorney's Office.

49.   That as a direct and proximate result of the Plaintiff ANA MARIA HAZLETON'S false arrest and imprisonment by the Defendant, Plaintiff was humiliated, embarrassed, suffered physical injury and mental anguish, was assaulted, was subjected to insult and threats, oppression, inconvenience, loss of dignity, loss of liberty, loss of employment and damage to her reputation and was incarcerated for charges which she did not commit. These damages are continuing, permanent or will continue in the future.

**WHEREFORE**, Plaintiff ANA MARIA HAZLETON demands judgment against Defendant TRINIDAD for compensatory damages, costs and demands trial by jury of all issues so triable.

## COUNT VI - FALSE ARREST/FALSE IMPRISONMENT AGAINST DEFENDANT LOVERDE

50.   Plaintiff ANA MARIA HAZLETON incorporates the allegations contained in the preceding paragraphs 1-20 as if fully set forth.

51.   This is a State law claim for damages in excess of the jurisdictional amount.

52.   Defendant LOVERDE, individually, acting in concert with defendant Trinidad, defendant Sikos and defendant Albino, and acting within the course and scope of

his employment, falsely arrested and imprisoned Plaintiff ANA MARIA

HAZLETON, all in bad faith, or with malicious purpose or in a manner exhibiting

wanton and willful disregard of human rights, safety or property, when in fact,

Plaintiff HAZLETON had committed no crime, nor broken any law and said

detention, arrest and imprisonment was without probable cause.

53.     In fact, all charges that were illegally, wrongfully and fraudulently levied against

Plaintiff ANA MARIA HAZLETON were dismissed or dropped by the State

Attorney's Office.

44.     That as a direct and proximate result of the Plaintiff ANA MARIA

HAZLETON'S false arrest and imprisonment by the Defendant, Plaintiff was

humiliated, embarrassed, suffered physical injury and mental anguish, was

assaulted, was subjected to insult and threats, oppression, inconvenience, loss of

dignity, loss of liberty, loss of employment and damage to her reputation and was

incarcerated for charges which she did not commit. These damages are

continuing, permanent or will continue in the future.

**WHEREFORE**, Plaintiff ANA MARIA HAZLETON demands judgment against

Defendant LOVERDE for compensatory damages, costs and demands trial by jury of all issues so

triable.

## COUNT VII - FALSE ARREST/FALSE IMPRISONMENT AGAINST DEFENDANT SIKOS

45. Plaintiff ANA MARIA HAZLETON incorporates the allegations contained in the preceding paragraphs 1-20 as if fully set forth.

46. This is a State law claim for damages in excess of the jurisdictional amount.

47. Defendant SIKOS, individually, acting within the course and scope of his employment, and acting in concert with defendant Trinidad, defendant Loverde and defendant Albino, falsely arrested and imprisoned Plaintiff ANA MARIA HAZLETON, all in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, when in fact, Plaintiff HAZLETON had committed no crime, nor broken any law and said detention, arrest and imprisonment was without probable cause.

48. In fact, all charges that were illegally, wrongfully and fraudulently levied against Plaintiff ANA MARIA HAZLETON were dismissed or dropped by the State Attorney's Office.

49. That as a direct and proximate result of the Plaintiff ANA MARIA HAZLETON'S false arrest and imprisonment by the Defendant, Plaintiff was humiliated, embarrassed, suffered physical injury and mental anguish, was assaulted, was subjected to insult and threats, oppression, inconvenience, loss of dignity, loss of liberty, loss of employment and damage to her reputation and was incarcerated for charges which she did not commit. These damages are continuing, permanent or will continue in the future.

**WHEREFORE**, Plaintiff ANA MARIA HAZLETON demands judgment against Defendant SIKOS for compensatory damages, costs and demands trial by jury of all issues so triable.

## COUNT VIII-FALSE ARREST/FALSE IMPRISONMENT AGAINST CHIEF DEMINGS

50.    PLAINTIFF repeats, re-alleges and incorporates paragraphs 1-20 set forth above

51.    This is a state law claim for damages in excess of the jurisdictional amount.

52.    On or about May 13, 2007, Plaintiff ANA MARIA HAZLETON was wrongfully arrested and subjected to a continued wrongful detention until her release as a result of the negligent, intentional and/or reckless investigation; lack of evidence and lack of probable cause to arrest her. In fact, all charges, against the Plaintiff were dropped for the lack of evidence.

53.    Defendant, CHIEF DEMINGS, in her official capacity, through her officers, under *respondeat superior*, negligently, intentionally or recklessly detained and arrested ANNA MARIA HAZLETON while failing to obtain sufficient evidence to establish probable cause before arresting her.

54.    The Defendant, CHIEF DEMINGS, or her predecessor, breached her duty of care through her employees TRINIDAD, LOVERDE and SIKOS, in that Plaintiff ANNA MARIA HAZLETON was arrested without sufficient probable cause, or without probable cause based on reliable or credible evidence and was detained after it was obvious and clear based on the evidence in Defendant's agents possession, and lack thereof, that probable cause did not exist to arrest Plaintiff and continue to charge her with multiple offenses.

55. These acts were made in the scope of TRINIDAD'S, LOVERDE'S and SIKOS' employment as police officers. All said officers were on duty at the time of the acts herein.

56. As a direct, proximate and foreseeable result of the acts and omissions of the Defendant's deputies, agents, employees, Plaintiff ANA MARIA HAZLETON was wrongfully arrested and incarcerated, was wrongfully and maliciously prosecuted, was forced to hire a criminal defense attorney and defend against criminal charges all resulting in the loss of liberty and freedom, loss wages, loss of employment, loss of enjoyment of life, loss of reputation, pain and related metal suffering and anguish.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, in her official capacity, for compensatory damages, costs, and attorneys' fees and TRIAL BY JURY pursuant to the Florida Rules of Civil Procedure.


## COUNT IX - ASSAULT AND BATTERY AGAINST DEFENDANT TRINIDAD

57. Plaintiff ANA MARIA HAZLETON incorporates the allegations contained in the preceding paragraphs 1-20 as if fully set forth herein.

58. This is a State law claim for damages in excess of the jurisdictional amount.

59. Defendant TRINIDAD, acting in his individual capacity, committed an assault and battery on Plaintiff ANA MARIA HAZLETON.

60. Defendant TRINIDAD on at least one occasion during the incident, made contact with the person of Plaintiff ANA MARIA HAZLETON including, but not limited to, unlawfully grabbing her and pushing her, striking her, directing airborne

noxious chemicals upon her person and participating in illegally handcuffing her, without her consent. Such contact constituted a harmful and offensive touching upon ANA MARIA HAZLETON.

61.   Defendant TRINIDAD acted with intent to cause bodily harm to Plaintiff ANA MARIA HAZLETON and further, in the commission of the assault or battery, acted in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

62.   Plaintiff ANA MARIA HAZLETON was harmed as a result of the actions of the Defendant and suffered damages which include physical suffering, medical expenses, loss of time, and mental suffering, all of which are continuing to this day and will continue in the future. .

WHEREFORE, Plaintiff HAZLETON demands judgment against Defendant TRINIDAD for compensatory damages, interest, and costs and demands trial by jury on all issues triable.

## COUNT X - ASSAULT AND BATTERY AGAINST DEFENDANT LOVERDE

63.   Plaintiff ANA MARIA HAZLETON incorporates the allegations contained in the preceding paragraphs 1-20 as if fully set forth herein.

64.   Defendant LOVERDE took an active part in the assault and battery on Plaintiff ANNA MARIA HAZLETON.

65.   Defendant LOVERDE on at least one occasion during the incident, made contact with the person of Plaintiff ANA MARIA HAZLETON including, but not limited to, unlawfully grabbing her and pushing her and twisting her arm without her

consent. Such contact constituted an offensive and harmful touching upon ANA MARIA HAZLETON.

66.   Defendant LOVERDE acted with intent to cause bodily harm to Plaintiff ANA MARIA HAZLETON and further, in the commission of the assault or battery, acted in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

67.   Plaintiff ANA MARIA HAZLETON was harmed as a result of the actions of the Defendant and suffered damages which include physical suffering, medical expenses, loss of time, and mental suffering, all of which are continuing to this day and will continue in the future.

**WHEREFORE,** Plaintiff HAZLETON demands judgment against Defendant for compensatory damages, interest and costs and demands trial by jury on all issues triable.

## COUNT XI - ASSAULT AND BATTERY AGAINST DEFENDANT SIKOS

68.   Plaintiff ANA MARIA HAZLETON incorporates the allegations contained in the preceding paragraphs 1-20 as if fully set forth herein.

69.   This is a State law claim for damages in excess of the jurisdictional amount.

70.   Defendant SIKOS committed an assault and battery on Plaintiff ANA MARIA HAZLETON.

71.   Defendant SIKOS on at least one occasion during the incident, made contact with the person of Plaintiff ANA MARIA HAZLETON including, but not limited to, unlawfully grabbing her, pinioning her, pushing her, striking her, administering airborne noxious chemicals to her person and illegally handcuffing her, without

her consent.  Such contact constituted a harmful and offensive touching upon ANA MARIA HAZLETON.

72.  Defendant SIKOS  acted with intent to cause bodily harm to Plaintiff ANA MARIA HAZLETON and further, in the commission of the assault or battery, acted  in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

73.  Plaintiff ANA MARIA HAZLETON was harmed as a result of the actions of the Defendant and suffered damages which include physical suffering, medical expenses, loss of time, and mental suffering, all of which are continuing to this day and will continue in the future.

**WHEREFORE**, Plaintiff HAZLETON demands judgment against Defendant SIKOS for compensatory damages, interest and costs and demands trial by jury on all issues triable.

## COUNT XII - ASSAULT AND BATTERY AGAINST DEFENDANT ALBINO

74.  Plaintiff ANA MARIA HAZLETON incorporates the allegations contained in the preceding paragraphs 1-20 as if fully set forth herein.

75.  This is a State law claim for damages in excess of the jurisdictional amount.

76.  Defendant  ALBINO took an active part in the assault and battery on Plaintiff ANA MARIA HAZLETON.

77.  Defendant ALBINO  on at least one occasion during the incident, made contact with the person of Plaintiff ANNA MARIA HAZLETON including, but not limited to, unlawfully grabbing her and pushing her, striking her, administering noxious chemicals to her person,   and illegally handcuffing her, without her

consent.  Such contact constituted a harmful and offensive touching upon ANA

MARIA HAZLETON.

78.   Defendant ALBINO  acted with intent to cause bodily harm to Plaintiff ANA

MARIA HAZLETON and further, in the commission of the assault or battery,

acted  in bad faith, or with malicious purpose or in a manner exhibiting wanton

and willful disregard of human rights, safety or property.

79.   Plaintiff ANA MARIA HAZLETON was harmed as a result of the actions of the

Defendant and suffered damages which include physical suffering and injury,

medical expenses, loss of time, and mental suffering, all of which are continuing

to this day and will continue in the future.


**WHEREFORE**, Plaintiff HAZLETON demands judgment against Defendant ALBINO

for compensatory damages, costs and demands trial by jury on all issues triable.


## COUNT XIII - ASSAULT AND BATTERY AGAINST CHIEF DEMINGS

80.   Plaintiff ANA MARIA HAZLETON incorporates the allegations contained in the

preceding paragraphs 1-20 as if fully set forth herein.

81.   This is a State law claim for damages in excess of the jurisdictional amount.

82.   CHIEF DEMINGS, in her official capacity,  by and through  the Orlando Police

Department acting in concert with it officers, agents, employees or

representatives, committed an assault and battery on Plaintiff ANA MARIA

HAZLETON.

83. CHIEF DEMINGS, through her officers, under *respondeat superior*, made
contact with the person of Plaintiff ANNA MARIA HAZLETON including, but
not limited to, unlawfully grabbing her and pushing her, striking her,
administering noxious chemicals to her person,   and illegally handcuffing her,
without her consent.  Such contact constituted a harmful and offensive touching
upon ANA MARIA HAZLETON.

84. CHIEF DEMINGS acted with intent to cause bodily harm to Plaintiff ANA
MARIA HAZLETON.

85. Plaintiff ANA MARIA HAZLETON was harmed as a result of the actions of the
Defendant and suffered damages which include physical suffering and injury,
medical expenses, loss of time, and mental suffering, all of which are continuing
to this day and will continue in the future.

**WHEREFORE**, Plaintiff HAZLETON demands judgment against CHIEF DEMINGS,
in her official capacity, for compensatory damages, costs and demands trial by jury on all issues
triable.

## COUNT XIV - MALICIOUS PROSECUTION AGAINST DEFENDANT TRINIDAD,

86. PLAINTIFF repeats, re-alleges and incorporates paragraphs 1-20 set forth above.

87. This is a State law claim for damages in excess of the jurisdictional amount.

88. On or about May 13, 2007, Plaintiff was wrongfully arrested and subjected to a
continued wrongful detention until her release as a result of the negligent,
intentional and/or reckless investigation; lack of evidence and lack of probable
cause to arrest her.  Defendant TRINIDAD, in his individual capacity, initiated or

caused a criminal proceeding against Plaintiff to be instituted.  Plaintiff was

charged with Battery on a Law Enforcement Officer, Resisting an Officer with

Violence and Resisting an Officer without Violence.

89. TRINIDAD negligently, intentionally or recklessly arrested ANA MARIA

HAZLETON without probable cause that she had been involved in any criminal

activity whatsoever.  Contrarily, Defendant knew or had ample evidence to

demonstrate that Plaintiff was not involved in any criminal activity. Moreover,

Defendant entered into the residence of the Plaintiff without legal cause and

assaulted and battered her in the furtherance of an unlawful arrest and then falsely

and maliciously sought her prosecution in order to justify his misdeeds. In the

course of the prosecution, TRINIDAD generated false reports and withheld

exculpatory evidence in order to further the baseless prosecution.

90. Plaintiff was arrested without sufficient probable cause, or without probable cause

based on reliable or credible evidence and was detained although it was obvious

and clear based on the evidence in Defendants' possession that probable cause did

not exist to arrest, detain or continue to charge Plaintiff with offenses.

91. Defendant TRINIDAD acted in bad faith or with malicious purpose or in a

manner exhibiting wanton and willful disregard of human rights, safety or

property in his malicious prosecution of the Plaintiff.

92. That the Assistant State Attorney dismissed all criminal charges against Plaintiff

because there was no evidence that Plaintiff had committed any crimes. Defendant

TRINIDAD acted in bad faith or with malicious purpose or in a manner exhibiting

wanton and willful disregard of human rights, safety or property in his malicious

prosecution of the Plaintiff, or was grossly negligent when he caused Plaintiff to be arrested, detained and continued to be charged with crimes when he knew the charges would be without probable cause.

93.      As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, Plaintiff ANA MARIA HAZLETON was wrongfully arrested and incarcerated, was wrongfully and maliciously prosecuted, was forced to hire a criminal defense attorney and defend against criminal charges all resulting in the loss of liberty and freedom, loss wages, loss employment, loss of enjoyment of life, loss of reputation, pain and related metal suffering and anguish.

**WHEREFORE**, PLAINTIFF demands judgment against the Defendant for compensatory damages, costs and demands trial by jury on all issues triable.

## COUNT XV- MALICIOUS PROSECUTION AGAINST DEFENDANT LOVERDE,

94.      PLAINTIFF repeats, re-alleges and incorporates paragraphs 1-20 set forth above.

95.      This is a State law claim for damages in excess of the jurisdictional amount.

96.      On or about May 13, 2007, Plaintiff was wrongfully arrested and subjected to a continued wrongful detention until her release as a result of the negligent, intentional and/or reckless investigation; lack of evidence and lack of probable cause to arrest her.  Defendant LOVERDE, in his individual capacity, initiated or caused a criminal proceeding against Plaintiff to be instituted.  Plaintiff was charged with Battery on a Law Enforcement Officer, Resisting an Officer with Violence and Resisting an Officer without Violence.

97.   LOVERDE negligently, intentionally or recklessly assisted in the arrest of ANNA

MARIA HAZLETON without probable cause that she had been involved in any

criminal activity whatsoever.  Contrarily, Defendant knew or had ample evidence

to demonstrate that Plaintiff was not involved in any criminal activity. Moreover,

Defendant entered into the residence of the Plaintiff without legal cause and

assaulted and battered her in the furtherance of an unlawful arrest and then falsely

and maliciously sought her prosecution in order to justify their misdeeds. In the

course of the prosecution, LOVERDE withheld exculpatory evidence in order to

further the baseless prosecution.

98.   Plaintiff was arrested without sufficient probable cause, or without probable cause

based on reliable or credible evidence and was detained although it was obvious

and clear based on the evidence in Defendant's possession that probable cause did

not exist to arrest, detain or continue to charge Plaintiff with offenses.

99.   That the Assistant State Attorney dismissed all criminal charges against Plaintiff

because there was no evidence that Plaintiff had committed any crimes. Defendant

LOVERDE acted in bad faith or with malicious purpose or in a manner exhibiting

wanton and willful disregard of human rights, safety or property in his malicious

prosecution of the Plaintiff, or was grossly negligent when he caused Plaintiff to

be arrested, detained and continued to be charged with crimes when he knew the

charges would be without probable cause.

100.  As a direct, proximate and foreseeable result of the acts and omissions of the

Defendant, Plaintiff ANA MARIA HAZLETON was wrongfully arrested and

incarcerated, was wrongfully and maliciously prosecuted, was forced to hire a

criminal defense attorney and defend against criminal charges all resulting in the

loss of liberty and freedom, loss wages, loss employment, loss of enjoyment of

life, loss of reputation, pain and related metal suffering and anguish.

   **WHEREFORE,** PLAINTIFF demands judgment against the Defendant for compensatory

damages, costs, interest and demands trial by jury on all issues triable.

## COUNT XVI- MALICIOUS PROSECUTION AGAINST DEFENDANT SIKOS

101.   PLAINTIFF repeats, re-alleges and incorporates paragraphs 1-20 set forth above.

102.   This is a State law claim for damages in excess of the jurisdictional amount.

103.   On or about May 13, 2007, Plaintiff was wrongfully arrested and subjected to a

continued wrongful detention until her release as a result of the negligent,

intentional and/or reckless investigation; lack of evidence and lack of probable

cause to arrest her. Defendant SIKOS, in his individual capacity, initiated or

caused a criminal proceeding against Plaintiff to be instituted. Plaintiff was

charged with Battery on a Law Enforcement Officer, Resisting an Officer with

Violence and Resisting an Officer without Violence.

104.   SIKOS, in his individual capacity,   negligently, intentionally or recklessly

arrested ANA MARIA HAZLETON without probable cause that she had been

involved in any criminal activity whatsoever. Contrarily, Defendants knew or had

ample evidence to demonstrate that Plaintiff was not involved in any criminal

activity. Moreover, Defendant entered into the residence of the Plaintiff without

legal cause and assaulted and battered her in the furtherance of an unlawful arrest

and then falsely and maliciously sought her prosecution in order to justify his

misdeeds. In the course of the prosecution, SIKOS generated false reports and withheld exculpatory evidence in order to further the baseless prosecution.

106.   Plaintiff was arrested without sufficient probable cause, or without probable cause based on reliable or credible evidence and was detained although it was obvious and clear based on the evidence in Defendant's possession that probable cause did not exist to arrest, detain or continue to charge Plaintiff with offenses.

107.   That the Assistant State Attorney dismissed all criminal charges against Plaintiff because there was no evidence that Plaintiff had committed any crimes. Defendant SIKOS acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property in his malicious prosecution of the Plaintiff, or was grossly negligent when he caused Plaintiff to be arrested, detained and continued to be charged with crimes when he knew the charges would be without probable cause.

108.   As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, Plaintiff ANA MARIA HAZLETON was wrongfully arrested and incarcerated, was wrongfully and maliciously prosecuted, was forced to hire a criminal defense attorney and defend against criminal charges all resulting in the loss of liberty and freedom, loss wages, loss employment, loss of enjoyment of life, loss of reputation, pain and related metal suffering and anguish.

**WHEREFORE**, PLAINTIFF demands judgment against the Defendant SIKOS for compensatory damages, costs and demands trial by jury on all issues triable.

## COUNT XVII- MALICIOUS PROSECUTION AGAINST CHIEF DEMINGS

109.   PLAINTIFF repeats, re-alleges and incorporates paragraphs 1-20 set forth above.

110.   This is a State law claim for damages in excess of the jurisdictional amount.

111.   On or about May 13, 2007, Plaintiff was wrongfully arrested and subjected to a continued wrongful detention until her release as a result of the negligent, intentional and/or reckless investigation; lack of evidence and lack of probable cause to arrest her. CHIEF DEMINGS, in her official capacity, or her predecessor, under *respondeat superior*, by and through the Orlando Police Department acting in concert with it officers, agents, employees or representatives, initiated or caused a criminal proceeding against Plaintiff to be instituted. Plaintiff was charged with Battery on a Law Enforcement Officer, Resisting an Officer with Violence and Resisting an Officer without Violence.

112.   CHIEF DEMINGS, in her official capacity, negligently, intentionally or recklessly arrested ANA MARIA HAZLETON without probable cause that she had been involved in any criminal activity whatsoever. Contrarily, Defendant, by and through her officers, knew or had ample evidence to demonstrate that Plaintiff was not involved in any criminal activity. Moreover, Defendant's agents entered into the residence of the Plaintiff without legal cause and assaulted and battered her in the furtherance of an unlawful arrest and then falsely and maliciously sought her prosecution in order to justify their misdeeds. In the course of the prosecution, said agents generated false reports and withheld exculpatory evidence in order to further the baseless prosecution.

113.   Plaintiff was arrested without sufficient probable cause, or without probable cause based on reliable or credible evidence and was detained although it was obvious and clear based on the evidence in Defendant's possession that probable cause did not exist to arrest, to detain or continue to charge Plaintiff with offenses.

114.   That the Assistant State Attorney dismissed all criminal charges against Plaintiff because there was no evidence that Plaintiff had committed any crimes. CHIEF DEMINGS, by and through her agents, Officers Trinidad, Loverde, Sikos and Albino, was negligent when she, or her predecessor, caused Plaintiff to be arrested, detained and continued to be charged with crimes when it was known the charges were without probable cause.

115.   As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, Plaintiff ANA MARIA HAZLETON was wrongfully arrested and incarcerated, was wrongfully and maliciously prosecuted, was forced to hire a criminal defense attorney and defend against criminal charges all resulting in the loss of liberty and freedom, loss wages, loss employment, loss of enjoyment of life, loss of reputation, pain and related metal suffering and anguish.

**WHEREFORE**, PLAINTIFF demands judgment against Defendant DEMINGS, in her official capacity, for compensatory damages, costs and demands trial by jury on all issues triable.

## COUNT XVIII -NEGLIGENT TRAINING AND SUPERVISION AGAINST CHIEF DEMINGS

116.   PLAINTIFF repeats, re-alleges and incorporates paragraphs 1-20 set forth above

117.   This is a State Law claim for damages in excess of the jurisdictional amount.

118.   Defendant, Chief Demings, in her official capacity as Chief of the Orlando Police Department, or her predecessor, in his official capacity, owed members of the public, specifically Plaintiff ANNA MARIA HAZLETON, a duty of care for the implementation of training and procedures to its officers in the making of discretionary arrests and to implement training and procedures to ensure that innocent citizens are not arrested without probable cause that a criminal offense has been committed and that the suspect committed said offense. Likewise, the Department owed a duty of care to members of the public, and specifically the Plaintiff, to train and supervise its officers in the use of non-deadly force; that is, the application of noxious agents (chemical spray) and also the forced entry into private homes.

119.   Defendant intentionally, recklessly and/or negligently breached that duty by failing to supervise and train her officers by failing in the implementation of training or procedures to ensure its officers do not arrest innocent citizens and to gather competent, relevant, and pertinent evidence so as to establish probable cause so as to avoid arresting, detaining and charging innocent citizens like Plaintiff. Defendant further intentionally, recklessly and/or negligently breached that duty by failing to supervise and train her deputies in the writing of truthful

reports and the disclosure of exculpatory evidence.

120.    As a direct, proximate and foreseeable result of the acts and omissions of the

Defendant,  which occurred by virtue of past similar incidents of wrongful arrests

and detention of innocent citizens as well as the lack of supervision, training and

control of officers, Plaintiff  ANNA MARIA HAZLETON was wrongfully

arrested and incarcerated, was wrongfully and maliciously prosecuted, was forced

to hire a criminal defense attorney and defend against criminal charges;

furthermore,  exculpatory evidence was hidden from her and untruthful police

reports were generated, all resulting in the loss of liberty and freedom, loss  of

wages, loss of employment, loss of enjoyment of life, loss of reputation, the

infliction of pain and physical injury and related metal suffering and anguish .

**WHEREFORE**, Plaintiff demands judgment against the Defendant for compensatory

damages, costs, and attorneys' fees and TRIAL BY JURY Pursuant the Florida Rule of Civil

Procedure.

Dated this _28_ day of December, 2009.


NEJAME, LAFAY, JANCHA,
AHMED, BARKER & JOSHI P.A.
189 South Orange Avenue, Suite 1800
Orlando, Florida 32801
Office No: (407) 245-1232
Facsimile No: (407) 245-2980
Attorneys for Plaintiffs

MICHAEL H. LAFAY, ESQUIRE
Florida Bar No: 0457728

☒ YES  XX
☐ NO

DATED:  DECEMBER 21, 2009

**NEJAME, LAFAY, JANCHA**
**AHMED, BARKER & JOSHI, P.A.**
189 S. Orange Avenue
Suite 1800
Orlando, Florida 32801
Office Phone: 407-245-1232
Office Fax: 407-245-2980
Attorneys for the Plaintiff


**MICHAEL H. LAFAY, ESQUIRE**
Florida Bar No. 0457728