UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANA MARIA HAZLETON,**

    **Plaintiff,**

v.                                               Case No.: 6:10-cv-342-Orl-35-DAB

**THE CITY OF ORLANDO, CHIEF
VAL DEMINGS, FERNANDO
TRINIDAD, FRANK SIKOS,
BRANDON LOVERDE, and EDWARD
ALBINO,**

    **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Chief Val Demings's Motion to Dismiss Counts VIII and XIII of Plaintiff's Amended Complaint. (Dkt. 40) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **DENIES** Defendant Demings's Motion to Dismiss (Dkt. 40), as described herein.

**I.**    **BACKGROUND**

This case arises out of Plaintiff Ana Maria Hazleton's arrest for resisting an officer with and without violence and battery on a law enforcement officer on May 13, 2007, and Plaintiff's alleged resulting injuries. (Dkt. 35 at 6)

The following facts are accepted as true for the purpose of resolving the pending Motion (Dkt. 40) only. According to the Amended Complaint, on May 13, 2007, Plaintiff was eating dinner at her residence with several guests. (Dkt. 35 at 4) City of Orlando Police Officers Fernando Trinidad ("Defendant Trinidad") and Brandon Loverde ("Defendant Loverde") responded to a call about a disturbance in the front yard of

Plaintiff's residence. (Dkt. 35 at 4) Plaintiff's son John Hazleton arrived at the residence shortly after the officers. (Id.) John Hazleton went into the open garage and shouted for Plaintiff to come outside. (Id.) Plaintiff went to the garage door, cautioned her son about his tone of voice and told him to go to his room inside the residence. (Id.) Simultaneously, Defendant Loverde attempted to detain John Hazleton by ordering him to stop. (Id.)

John Hazleton was subsequently arrested for resisting an officer with and without violence. (Id. at 6) While John Hazleton was being arrested, Plaintiff cried out and tried to explain that her son had done nothing wrong. (Id. at 5) Plaintiff then retreated into her residence. (Id.) Officer Frank Sikos ordered Plaintiff to come outside. (Id.) When Plaintiff refused, three officers entered Plaintiff's residence to effectuate her arrest. (Id.) Plaintiff was handcuffed and taken to Orange County Jail. (Id. at 5-6)

Plaintiff filed the present action in state court on December 28, 2009, and the action was removed to this Court on March 3, 2010. (Dkt. 1) Plaintiff filed an Amended Complaint on June 24, 2010, which alleges that Defendant Val Demings ("Defendant Demings"), the Orlando Police Department's Chief of Police, failed to train and/or supervise the defendant officers. (Dkt. 35 at 8) Further, Plaintiff alleges that Defendant Demings "caused the unnecessary and unreasonable use of force . . . by not conducting full and impartial administrative reviews of excessive force and unlawful arrest situations. . . and by failing to impose disciplinary sanctions on employees guilty of improper conduct." (Dkt. 35 at ¶ 18) Plaintiff asserts four state law claims against Defendant Demings in her official capacity including, inter alia, (1) false arrest/false imprisonment (Count VIII); (2) assault and battery (Count XIII); (3) negligent training and

2

supervision (Count XVII); and (4) negligent hiring (Count XIX). (Dkt. 35 at 22-23, 28-29, 34-37) On July 1, 2010, Defendant Demings moved to dismiss Counts VIII and XIII of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. 40 at 3-7)

## II.   LEGAL STANDARD AND ANALYSIS

The threshold for surviving a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only sufficient facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S. Ct. at 1964-65). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### A. Governmental Tort Liability in Florida

As an initial matter the Court notes that, "[a] suit against a defendant in [her] official capacity is, in actuality, a suit against the government entity which employs [her]." Stephens v. Geoghegan, 702 So. 2d 517, 527 (Fla. 2d DCA 1997). Thus, Plaintiffs claims in Counts VIII, XIII, XVII, and XIX against Defendant Demings in her official capacity will be treated as claims against the City.

#### 1. Statutory Waiver of Sovereign Immunity

Florida law provides for a waiver of sovereign immunity for certain acts:

> [T]he state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.

FLA. STAT. § 768.28(1).

In Pollock v. Fla. Dep't of Highway Patrol, 882. So. 2 d 928 (Fla. 2004), the Florida Supreme Court determined that the State of Florida waived sovereign immunity from liability in tort actions for any act for which a private person under similar circumstances would be held liable. Pollock,, 882 So. 2d at 931. No government liability exists unless a common law or statutory duty of care existed that would have been applicable to an individual, as opposed to the general public, under similar circumstances. See Pollock,, 882 So. 2d at 931. Accordingly, if no duty of care is owed to the individual with respect to alleged tortious conduct, there is no governmental liability, and the question of whether the

sovereign is immune from suit need not be reached. See Kaisner v. Kolb, 543 So. 2d 732, 734 (Fla. 1989). Judgmental or discretionary government functions are immune from legal action, whereas operational acts are not protected by sovereign immunity. Only if there is a duty of care owed must the Court consider whether sovereign immunity acts as a bar to an action for breach of that duty. See Pollock, 882 So. 2d at 933.

### 2. Personal Liability of Government Officials

Regarding personal liability for government officials, Florida Statute § 768.28 sets forth additional immunities:

> No officer, employee, or agent of the state or of any of its subdivisions **shall be held personally liable in tort** . . . for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property (emphasis added).

FLA. STAT. § 768.28(9)(a) (emphasis added). Florida Statute 768.28(9)(a) affords both immunity from liability and immunity from suit. Willingham v. City of Orlando, 929 So. 2d 43, 48 (Fla. 5th DCA 2006); Lemay v. Kondrk, 923 So. 2d 1188, 1192 (Fla. 5th DCA 2006); Simon v. Murphy, 895 So. 2d 1245, 1246 (Fla. 4th DCA 2005). In Willingham v. City of Orlando, 929 So. 2d 43, 47-48 (Fla. 5th DCA 2006), the Fifth District Court of Appeal of Florida held that, under § 768.28(9)(a), an Orlando police officer is not liable in tort and is entitled to summary judgment against a plaintiff's state tort law claims, unless a plaintiff can prove that the officer's conduct was in bad faith, exhibited malicious purpose, or exhibited wanton and willful disregard of human rights, safety, or property. In the context of § 768.28(9)(a), conduct committed in bad faith has been characterized

5

as conduct acted out with actual malice.  <u>Parker v. State Bd. of Regents Ex Rel. Fla. State Univ</u>., 724 So. 2d 163, 167 (Fla. 1st DCA 1998).  Conduct meeting the "wanton and willful" standard in the context of § 768.28(9)(a), must be "worse than gross negligence," <u>Sierra v. Assoc. Marine Insts., Inc.</u>, 850 So. 2d 582, 593 (Fla. 5th DCA 2003), and "more reprehensible and unacceptable than mere intentional conduct." <u>Richardson v. City of Pompano Beach</u>, 511 So. 2d 1121, 1123 (Fla. 4th DCA 1987).

In any case involving actions of a City employee, either the City or the employee can be held liable, but not both.  <u>See</u> FLA. STAT. 768.28(2), (9)(a); <u>McGhee v. Volusia Cnty.</u>, 679 So. 2d 729, 733 (Fla. 1996) ("In any given situation either the agency can be held liable under Florida law, or the employee, but not both.").  Thus, the State may be held liable for the acts of its employees unless such acts are "committed in bad faith or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  FLA. STAT. 768.28(9)(a); <u>see</u> <u>also</u> <u>McGhee</u>, 679 So. 2d at 733.  Florida courts have repeatedly held that a governmental entity may not be held liable where its employee's actions were malicious or in bad faith.  <u>See, e.g.</u>, <u>City of Ft. Lauderdale v. Todaro</u>, 632 So. 2d 655, 656-58 (Fla. 4th DCA 1994) (reversing verdict against city where jury found employee acted with willful disregard for safety); <u>Cf.</u> <u>Richardson v. City of Pompano Beach</u>, 511 So. 2d 1121, 1123-24 (Fla. 4th DCA 1987) (reversing dismissal of claims against the City because the second amended complaint alleged the tortuous acts occurred while the officer was acting in the scope of his employment and contained no allegations of bad faith or malicious purpose), *rev. denied*, 519 So. 2d 986 (Fla. 1988); <u>see</u> <u>also</u> <u>Willis v. Dade Cnty Sch. Bd.</u>, 411 So. 2d 245, 246

(Fla. 3d DCA 1982) (affirming trial court's dismissal of complaint that alleged "malicious" assault and battery).

However, as the Florida Supreme Court opined:

[A] jury question as to the sheriff or employing agency's liability exists for acts of officers that can be described as abuses of lawful power. The employing agency is immune as a matter of law only if the acts are so extreme as to constitute a clearly unlawful usurpation of authority the deputy does not rightfully possess . . . or if there is not even a pretense of lawful right in the performance of the acts. Here, Deputy Hernlen clearly had the lawful authority to restrain arrestees, detain them, or even respond with force in appropriate situations. His office gave him that authority, and he therefore cannot be described as a usurper. The fact that Hernlen may have intentionally abused his office does not in itself shield the sheriff from liability. In sum, the question must be put to the fact-finder whether Deputy Hernlen acted in bad faith, with malicious purpose, or in a manner exhibiting wanton or willful disregard of human rights, safety, or property.

McGhee, 679 So. 2d at 733. Thus, while a plaintiff may not ultimately recover from both a state agency and an employee for the same egregious conduct, alternative pleading is permissible, particularly when the trier of fact must determine whether an officer was acting in bad faith or with malicious purpose. See id.; see also Brisk v. City of Miami Beach, 709 F. Supp. 1146, 1148 (S.D. Fla. 1989) (recognizing that a City and its Chief of Police may be held vicariously liable for intentional torts committed by individual officers; denying the defendants' motion for judgment on the pleadings because the issue of whether the officers were acting outside the scope of their employment created questions of fact).

### B. Count VIII - False Arrest/False Imprisonment and Count XIII - Assault and Battery

In Count VIII, Plaintiff sues Defendant Demings in her official capacity alleging

7

that Defendant Demings, "through her officers, under *respondeat superior*, negligently, intentionally, or recklessly detained and arrested" Plaintiff. (Dkt. 35 at 22) Similarly, in Count XIII, Plaintiff alleges that Defendant Demings, "through her officers, under *respondeat superior*," intentionally struck, pushed, grabbed, handcuffed, and administered noxious chemicals to Plaintiff against her will, and that such contact caused Plaintiff bodily harm. (Id. at 28-29)

In her motion to dismiss, Defendant Demings contends that she is protected from suit in her official capacity because Plaintiff specifically alleged that Defendant officers acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." (Dkt. 40 at 6) Regarding claims for false arrest and false imprisonment assault and battery, Plaintiff alleged that certain officers were each "acting within the course and scope of his employment . . . in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property . . . ." (Dkt. 35, Count V at ¶ 48, Count VI at ¶ 53, Count VII at ¶ 58; Count IX at ¶ 72, Count X at ¶ 77, Count XI at ¶ 83, Count XII at ¶ 89)[1] However, Plaintiff also alleged "[a]lternatively, to the extent that Defendnat[s] . . . did not act in bad faith, or with a malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, Plaintiff . . . sues [each officer] Defendant for this cause of action in his official capacity." (Id.) Florida law provides that a governmental entity is liable for all torts, negligent and intentional, committed by an employee, unless

---

[1] The Court notes that Plaintiff sued Defendants Trinidad, Loverde, and Sikos for false arrest/false imprisonment in their individual capacities or alternatively, in their official capacities. (Dkt. 35 at 18-22) The also Court notes that Plaintiff sued Defendants Trinidad, Loverde, Sikos, and Albino for assault and battery in their individual capacities or alternatively, in their official capacities. (Dkt. 35 at 23-28)

committed outside the course and scope of employment or unless the employee was acting in bad faith or with malicious purpose.  FLA. STAT. § 768.29(9)(a); Richardson v. City of Pompano Beach, 511 So. 2d 1121, 1123-24 (Fla. 4th DCA 1987), *rev. denied*, 519 So. 2d 986 (Fla. 1988).  However, whether each Defendant officer acted in bad faith, with malicious purpose, or in a manner exhibiting wanton or willful disregard of human rights, safety, or property, is a question for the trier of fact.  See McGhee, 679 So.2d at 733.  Accordingly, Defendant Demings's Motion to Dismiss Counts VIII and XIII against her in her official capacity is **DENIED**.

### III.    CONCLUSION

Therefore, in light of the foregoing, it is **ORDERED** as follows:

(1)    Defendant Demings's Amended Motion to Dismiss Counts VIII and XIII is **DENIED**; and

(2)    Defendant Demings shall file her Answer to the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Orlando, Florida, this 10th day of August, 2010.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Counsel of Record