UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANA MARIA HAZLETON,**

        **Plaintiff,**

v.                                         **Case No:  6:10-cv-342-Orl-36DAB**

**THE CITY OF ORLANDO,
FERNANDO TRINIDAD, FRANK
SIKOS, BRANDON LOVERDE and
EDWARD ALBINO,**

        **Defendants.**

## ORDER

This cause comes before the Court on the Report and Recommendation of Magistrate Judge David A. Baker, filed on August 1, 2013 (Doc. 191). In the Report and Recommendation, Magistrate Judge Baker recommends that the Court:  (1) grant in part and deny in part Plaintiff's Bill of Costs Incurred by NeJame, Lafay, Jancha, Ahmed, Barker, Joshi & Moreno, P.A. ("Motion for Taxation of Costs") (Doc. 167); (2) grant in part and deny in part Plaintiff's Attorneys Frank T. Allen and The Allen Firm, P.A.'s (collectively, "Allen") Motion to Tax Fees and Interests ("Plaintiff's Motion for Allen's Attorney's Fees") (Doc. 168); (3) grant in part and deny in part Plaintiff's Attorneys Michael LaFay and NeJame, Lafay, Jancha, Ahmed, Barker, Joshi & Moreno, P.A.'s (collectively, "LaFay") Motion to Tax Fees and Interests ("Plaintiff's Motion for LaFay's Attorney's Fees")[1] (Doc. 173); and (4) deny Defendant Brandon Loverde's ("Defendant Loverde") Motion for Attorney's Fees ("Defendant Loverde's Motion for

---

[1] Plaintiff's Motion for Allen's Attorney's Fees and Plaintiff's Motion for LaFay's Attorney's Fees are collectively referred to as "Plaintiff's Motions for Attorney's Fees."

Attorney's Fees") (Doc. 187).² Allen and LaFay, by and through Plaintiff, filed separate Objections to the Report and Recommendation ("Objections") (Docs. 192, 193), and Defendants filed a response to each Objection ("Objection Responses") (Docs. 195, 197). As such, this matter is ripe for review.

**I.     BACKGROUND**

The procedural history of this case has been detailed thoroughly in the "Background" section of the Report and Recommendation, which the Court incorporates fully herein in the interest of brevity. *See* Doc. 191, pp. 3–6. Following a jury trial in this action under 42 U.S.C. § 1983, Plaintiff seeks an award of statutory attorney's fees for her attorneys, Allen and LaFay, for their work in obtaining a verdict and judgment in her favor against Defendants City of Orlando, Fernando Trinidad, Frank Sikos, and Edward Albino in the amount of $80,615.79 in compensatory damages, plus an additional $8,000 in punitive damages against Defendant Sikos. *See* Docs. 161, 162, 168, 173. Specifically, Plaintiff requests attorney's fees for Allen for 397.9 hours of work at an hourly rate of $400, and for LaFay for 550.3 hours of work at an hourly rate of $400, equaling a total fee award of $379,280.00, plus a multiplier of 1.2 to 1.5 or, alternatively, an enhancement of 25% to 33%, plus post-judgment interest. *See* Docs. 168, 173. In addition, Plaintiff claims reimbursable costs in the amount of $4,856.37. *See* Doc. 167. Defendant Loverde, meanwhile, seeks an award of statutory attorney's fees for his attorneys after a judgment was entered in his favor and against Plaintiff. *See* Docs. 186, 187.

In the Report and Recommendation, Magistrate Judge Baker recommends that Plaintiff's Motions for Attorney's Fees be granted as to her entitlement to attorney's fees and denied as to the amount of fees. *See* Doc. 191. Specifically, the Magistrate Judge finds that $300 is a

---

² Magistrate Judge Baker also entered an Order denying the motion for leave to reply at Doc. 178 and denying the motions to strike at Docs. 179 and 182. As a result, those motions have been resolved and are not addressed in this Order.

reasonable hourly rate for both Allen and LaFay, and that a 45% across-the-board reduction of the hours claimed is appropriate due to Allen and LaFay's billing for nonbillable work, unnecessary or duplicative work, and lower-level work. *See id.* at 10–15. Thus, the Magistrate Judge recommends a total fee award to Plaintiff of $156,450.00. *See id.* at 19. The Magistrate Judge also recommends granting in part and denying in part Plaintiff's Motion for Taxation of Costs, finding that Plaintiff is entitled to costs in the amount of $4,140.23 after disallowing certain claimed costs. *See id.* at 15–19. Finally, the Magistrate Judge recommends denying Defendant Loverde's Motion for Attorney's Fees, finding that Defendant Loverde is not entitled to an award of attorney's fees because he did not prevail on the merits, but rather through a discharge in bankruptcy. *See id.* at 8–9. The instant Objections followed. *See* Docs. 192, 193.

## II. STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

## III. DISCUSSION

Plaintiff objects to the Magistrate Judge's recommendation that Allen and LaFay's claimed hours be reduced by 45% across the board.[3] *See* Docs. 192, 193. Plaintiff also objects

---

[3] In the Objection he filed on behalf of Plaintiff, LaFay informed the Court that, as a result of billing errors, 27 hours that were included in his total requested amount in Plaintiff's Motion for

3

to the Magistrate Judge's determination that $300 is a reasonable hourly rate for Allen.[4] *See* Doc. 192. Defendants respond that the Magistrate Judge's 45% reduction of the claimed hours was justified due to excessive billing, and that the hourly rate sought by Allen is excessive. *See* Docs. 195, 197.

Pursuant to 42 U.S.C. § 1988(b), the Court may award a reasonable attorney's fee to the prevailing party in a Section 1983 action. In this case, the Magistrate Judge determined that Plaintiff was the "prevailing party" because she was awarded "at least some relief on the merits" of her claims. Doc. 191, p. 8 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). No party has objected to this determination, and the Court agrees that Plaintiff may be awarded a reasonable attorney's fee on this basis.[5]

In determining the amount of a reasonable attorney's fee, the starting point for the Court is multiplying the number of hours that the prevailing party's attorneys reasonably expended on the litigation by a reasonable hourly rate. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). "The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Id.* (quoting *Pennsylvania v. Del.*

---

LaFay's Attorney's Fees should not have been claimed and should be withdrawn. Doc. 193, p. 2. Thus, he seeks attorney's fees for 523.3 hours rather than the 550.3 hours he previously requested. *Id.*

[4] Plaintiff does not, however, object to the $300 hourly rate recommended by the Magistrate Judge for LaFay. Doc. 193, p. 11. As the Court agrees with the Magistrate Judge's recommendation on this point, the Court finds that $300 is a reasonable hourly rate for LaFay.

[5] The Magistrate Judge also determined that Defendant Loverde was *not* a prevailing party under 42 U.S.C. § 1988 because the claims against him were not dismissed on the merits, but rather due to a discharge in bankruptcy. Doc. 191, pp. 8–9. The Magistrate Judge further reasoned that even if Defendant Loverde could be considered a prevailing party, he could not show that Plaintiff's claims were frivolous, as required under the heightened standard for defendants to obtain attorney's fees under Section 1988. *Id.* at 9. Thus, the Magistrate Judge recommended that Defendant Loverde's Motion for Attorney's Fees be denied. *Id.* Defendant Loverde has not objected to this determination, which, in any event, the Court finds to be correct. Therefore, the Court will deny Defendant Loverde's Motion for Attorney's Fees.

*Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). In determining what is a "reasonable" hourly rate and what number of compensable hours is "reasonable," the Court must consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[6] *Bivins*, 548 F.3d at 1350. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

After determining the lodestar, the Court must consider whether an adjustment is necessary to account for the results obtained. *Hepsen v. J.C. Christensen & Assocs., Inc.*, 394 F. App'x 597, 601 (11th Cir. 2010) (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988)). "If the result was excellent, then the court should compensate for all hours reasonably expended. If the result was [a] partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Norman*, 836 F.2d at 1302 (internal citations omitted). If, on the other hand, "the results obtained were exceptional, then some enhancement of the lodestar might be called for." *Id*.

### A.     Allen's Reasonable Hourly Rate

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

*Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted). The party seeking attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates, which requires more than just an affidavit of the attorney himself. *Id*. "A court, however, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (internal quotations omitted).

In Plaintiff's Motion for Allen's Attorney's Fees, Allen requested an hourly rate of $400. *See* Doc. 168. The Magistrate Judge rejected Allen's request, instead setting Allen's reasonable hourly rate at $300. Doc. 191, p. 12. The Magistrate Judge found a $400 hourly rate was unreasonable given that many of Allen's time entries were for non-billable clerical work, while other time entries involved tasks which were paralegal- or associate-level tasks and therefore did not justify a high billing rate. *Id.* at 11–12. In setting Allen's reasonable hourly rate at $300, the Magistrate Judge relied on the opinions of local lawyers, as well as his own expertise. *Id*.

In his Objection, Allen points out, as he did before the Magistrate Judge, that he was awarded an hourly rate of $325 in a civil rights case decided five years ago in the Orlando Division of the Middle District of Florida, *Hayden v. City of Orlando*, No. 6:05-cv-853. Doc. 192, p. 5. Thus, Allen argues, his reasonable hourly rate has increased over the past five years due to inflation and his additional experience. *Id*. In response, Defendants contend that the Magistrate Judge's recommendation of a $300 hourly rate was generous given that Allen did not serve in the role of lead counsel and, in their view, this was not a complicated case. Doc. 195, p. 5.

Upon consideration, the Court finds that $300 is a reasonable hourly rate for Allen. While Allen offers his own affidavit and the affidavits of two other practicing attorneys in support of his argument that his reasonable hourly rate should be $400, Defendants offered the affidavit of a practicing attorney who stated that Allen's reasonable hourly rate should not exceed $300. *See* Docs. 168-1, 168-3, 168-4, 176-1. Moreover, Allen and his two affiants admit that the customary hourly rate in Central Florida for law firm partners in civil rights cases is between $300 and $400 to $450. *See* Docs. 168-1, 168-3, 168-4. Thus, they concede that $300 is a reasonable hourly rate for civil rights cases in the Central Florida area. Moreover, the Court's own experience leads it to the conclusion that $300 is a reasonable hourly rate for Allen's work in this case, particularly as he did not serve as lead counsel. *See Loranger*, 10 F.3d at 781.

The Court has considered the *Johnson* factors in determining Allen's reasonable hourly rate. The Court agrees with the Magistrate Judge that, with respect to the first and third factors, "the time, labor and skill required to litigate the suit was significant, but not exceptionally so." Doc. 191, p. 13. As to the second factor, the issues in this case were not novel, but the Court acknowledges the difficulty and complexity of litigating a § 1983 case. As to the fourth factor, the Court recognizes that Allen's work on this case precluded his involvement in other matters. The Court has already addressed the fifth factor, the customary fee in the market, which Allen himself conceded to include a rate of $300 per hour. *See* Doc. 168-1, ¶ 3. As to the sixth and seventh factors: while this was a contingent fee case, thereby delaying compensation to Allen, the Court agrees with the Magistrate Judge that "prosecution of the case did not involve time sensitive matters, such as a statute of limitations deadline, which would require exceptional and immediate attention to the exclusion of all other work." Doc. 191, p. 14 n.5. Turning to the

7

eighth factor, the Court acknowledges that Plaintiff obtained favorable summary judgment rulings from the district and appellate courts, and that she obtained a verdict in the amount of $80,615.79 in compensatory damages, plus $8,000 in punitive damages. However, the Court notes that this award was well short of what Plaintiff sought, as counsel requested $300,000 in compensatory damages and $15,000 in punitive damages during closing arguments. *See* Unofficial Transcript, p. 17. The Court agrees that there is a public benefit to Plaintiff's vindication of her constitutional rights against a municipal defendant. *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1307 (11th Cir. 2001). Thus, the results obtained were favorable, though not fully so. As to the ninth factor, the Court acknowledges Allen's considerable experience, reputation, and ability—attributes which are incorporated into the attorney's fee award. With respect to the tenth factor, the Court observes that civil rights cases, while maybe not the most desirable, are certainly not *undesirable*, as evidenced by Allen's repeated engagement in such cases. As to the eleventh factor, Allen's relationship with Plaintiff appears to be limited to this case. *See* Doc. 168, p. 16.

Finally, the Court turns to the twelfth factor—awards in similar cases. Allen places great emphasis on this factor, contending that his "hourly rate has been established by this Court at a minimum of $325.00" due to Chief Judge Conway's decision in *Hayden*. Doc. 192, p. 5. However, this argument ignores the imperative that a reasonable hourly rate is determined on a *case-by-case basis*. *Norman*, 836 F.2d at 1300 ("[F]ee rates vary from lawyer to lawyer, case to case, and client to client."). Indeed, "a court should hesitate to give controlling weight to prior awards, even though they may be relevant." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000). Moreover, a $300 hourly rate is, in fact, consistent with other awards for civil rights cases in the Middle District of Florida. *See Fields v. Corizon Health, Inc.*, No. 2:09-cv-

8

529, 2012 WL 162121, at *3 (M.D. Fla. Jan. 19, 2012) (finding $300 to be a reasonable hourly rate for a prevailing plaintiff's counsel in a civil rights case). The fact that LaFay—the lead attorney in this case—has accepted a $300 hourly rate is further evidence of the reasonableness of this rate.

After considering the unique circumstances of this case, the opinions of local attorneys, the Court's own experience, and the *Johnson* factors, the Court concludes that $300 is a reasonable hourly rate for Allen's work in this case.

### B.     Hours Reasonably Expended By Allen and LaFay

The fee applicant bears the burden of establishing the number of hours reasonably expended on the litigation. *Norman*, 836 F.2d at 1303. The Court may impose deductions for "excessive, redundant or otherwise unnecessary" hours. *Id.* at 1301 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Excluding excessive or otherwise unnecessary hours . . . means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights . . . ." *Id*. "Redundant hours generally occur where more than one attorney represents a client. There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* at 1301–02.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783). An across-the-board reduction is appropriate where the fee motions and their supporting documentation are so voluminous as to render hour-by-hour review "impractical and a waste of judicial resources." *Loranger*, 10 F.3d at 783.

In her Motions for Attorney's Fees, Plaintiff claimed 397.9 hours of compensable work by Allen and 550.3 hours of compensable work by LaFay. *See* Docs. 168, 173. The Magistrate Judge determined that a significant portion of the claimed hours were for non-billable and low-level tasks, and that many of the hours were redundant due to overlap in the work done by Allen and LaFay. *See* Doc. 191, pp. 10–13. After concluding that an hour-by-analysis was impractical due to the voluminous billing entries, the Magistrate Jude imposed a 45% across-the-board reduction on the hours claimed by both Allen and LaFay. *Id.* at 13.

In their Objections, Allen and LaFay argue that the time entries that the Magistrate Judge cited as examples of excessive or non-billable hours do not warrant a 45% reduction. *See* Docs. 192, 193. They take issue with the fact that the Magistrate Judge's 45% reduction exceeds the reduction sought by Defendants. *See id.* They further argue that their time entries are similar and, in some instances, verbatim, because they were reasonably doing some of the same work. *See id*. They also assert that the fee documentation is not so voluminous as to preclude the Court from engaging in an hour-by-hour analysis. *See id*. Defendants, on the other hand, argue that a 45% reduction was justified, and they point to numerous instances of allegedly duplicative, excessive, and non-billable time entries by Allen and LaFay. *See* Docs. 195, 197. For the reasons discussed below, the Court agrees with the Magistrate Judge that an across-the-board reduction is warranted due to redundant and excessive billing, but disagrees as to the amount of the proposed reduction.

The billing records submitted by Allen and LaFay, Docs. 168-2 and 173-1, reveal frequent instances of double billing, as detailed in several exhibits filed by Defendants. *See* Docs. 197-1, 197-3, 197-3, 197-4. While it is permissible for multiple attorneys to bill for working on certain tasks together, a reduction is warranted where the attorneys are unreasonably

doing the same work or have made it impossible for the Court to recognize the distinct contributions of each lawyer. *Norman*, 836 F.2d at 1302. Here, it appears that, in many instances, Allen and LaFay did little more than "copy and paste" time entries made by the other, with occasional modifications. For example, on May 13, 2011, Allen billed 5.2 hours for researching Defendants' summary judgment motions. Doc. 168-2, p. 6. Two days later, LaFay billed 6 hours for reviewing Allen's research on the summary judgment motions. Doc. 173-1, p. 8. Based on the Court's experience, such time entries are redundant, excessive, and unreasonable because they do not make clear the distinct contributions of each lawyer. The billing records are replete with similar examples, which the Court will not analyze one-by-one.

Going hand-in-hand with the redundant billing is a number of instances of excessive billing. For example, there are over 40 hours billed by Allen and LaFay for time relating to drafting jury instructions. Such billing is clearly excessive, given that Allen and LaFay are experienced civil rights attorneys, and that both the Eleventh Circuit and the Florida Supreme Court provide pattern jury instructions which were adaptable to Plaintiff's claims. The Court also finds the amount of time spent on the appeal—over 50 hours by Allen and LaFay—to be excessive, particularly considering that the issues on appeal were the same as those decided by the district court. Again, the Court will not go through the onerous task of listing each instance of excessive billing.

Having determined that the number of hours claimed by Allen and LaFay is unreasonably high, the Court may either go through each time entry and determine which is unreasonable, or make an across-the-board reduction. *Bivins*, 548 F.3d at 1350. The Court finds that an across-the-board reduction is appropriate here because an hour-by-hour review of the hundreds of time entries corresponding to 948.2 hours would be impractical and a waste of judicial resources. *See*

*Villano*, 254 F.3d at 1311 (affirming the magistrate judge's across-the-board reduction and stating that "we do not expect the district court or the magistrate judge to conduct an hour-by-hour analysis" where the plaintiff had requested attorney's fees for 569.3 billed hours); *Loranger*, 10 F.3d at 783 (holding that an across-the-board reduction is appropriate where the attorney submitted voluminous billing records corresponding to 800 hours of billed time). However, the Court disagrees with the 45% reduction proposed by the Magistrate Judge. Instead, the Court will impose an across-the-board reduction of 30%. *See St. Fleur v. City of Fort Lauderdale*, 149 F. App'x 849, 853 (11th Cir. 2005) (affirming the district court's across-the-board 30% reduction in a successful civil rights action where the plaintiff's lawyers' claimed hours included "time spent on . . . duplicated efforts, excessive meetings between attorneys, billing for administrative tasks, senior counsel's billing for legal research that could have been assigned to an associate or paralegal, and billing at full rates for non-legal tasks like travel and clerical functions."). In making this determination, the Court has considered its own experience as to a reasonable expenditure of hours, the *Johnson* factors, and the public benefit obtained in Plaintiff's vindication of her constitutional rights against a municipal defendant. *See supra*, Part III.A.

      **C.**    **Adjustment of the Lodestar**

In her Motions for Attorney's Fees, Plaintiff requested an enhancement or multiplier of the fee award, contending that the result obtained in the litigation was exceptional and that counsel should be rewarded for their successful representation in a difficult, undesirable, and risky contingent fee case. Doc. 168, pp. 12–13, 15–16; Doc. 173, pp. 15–17, 19–20. Defendants, on the other hand, argued that Plaintiff's fee award should be substantially reduced because the results obtained were *de minimis* when compared with the amount of damages initially sought. Doc. 176, pp. 9–17; Doc. 177, pp. 9–18.

The Magistrate Judge declined to make an adjustment to the lodestar, concluding that the results obtained were neither exceptional nor *de minimis*. Neither Plaintiff nor Defendants have specifically objected to this determination, which, in any event, the Court finds to be correct. The results obtained by Plaintiff were clearly not *de minimis*, as she prevailed on most of her claims and obtained an award of $80,615.79 in compensatory damages and $8,000 in punitive damages. *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (holding that a plaintiff who seeks compensatory damages but receives no more than nominal damages is not entitled to an award of attorney's fees). At the same time, Plaintiff did not obtain an *exceptional* result, as the jury award was far less than what her attorneys asked for. Moreover, while Plaintiff points to the difficulty, undesirability, and riskiness of this contingent-fee case, the Court has already considered these factors in calculating the lodestar. *See supra*, Part III.A. As such, these factors cannot form the basis for an enhancement. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (observing that "an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation"). Nor has Plaintiff put forth any specific evidence that the lodestar fee would have been inadequate to attract competent counsel. In fact, Allen and LaFay have conceded that a $300 hourly rate is within the typical range. *See supra*, Part III.A. Thus, this is not one of those "rare" and "exceptional" cases where enhancement of the lodestar is warranted. *See Perdue*, 559 U.S. at 554 ("We conclude that there are a few such circumstances [in which superior attorney performance is not adequately taken into account in the lodestar calculation,] but that these circumstances are indeed "rare" and "exceptional," and require specific evidence that the lodestar fee would not have been adequate to attract competent counsel.").

**IV.    CONCLUSION**

As explained previously, the award fee will be calculated using a $300 hourly rate for both Allen and LaFay, and their claimed hours will be reduced by 30%, allowing for an award for 644.84 hours.[7] Thus, Plaintiff's fee award is $300 x 644.84 = $193,452.00.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 191) is **adopted in part and disapproved in part** as set forth below.

2. Plaintiff's Bill of Costs Incurred by NeJame, Lafay, Jancha, Ahmed, Barker, Joshi & Moreno, P.A. (Doc. 167) is **GRANTED in part** and **DENIED in part**.[8] Plaintiff is awarded costs in the amount of $4,140.23.

3. Plaintiff's Attorneys Frank T. Allen and The Allen Firm, P.A.'s Motion to Tax Fees and Interests (Doc. 168) is **GRANTED in part** and **DENIED in part**.

4. Plaintiff's Attorneys Michael LaFay and NeJame, Lafay, Jancha, Ahmed, Barker, Joshi & Moreno, P.A.'s Motion to Tax Fees and Interests (Doc. 173) is **GRANTED in part** and **DENIED in part**.

5. Plaintiff is awarded a total sum of $193,452 in attorney's fees.

6. Defendant Brandon Loverde's Motion for Attorney's Fees (Doc. 187) is **DENIED**.

---

[7] This number has been calculated as follows: 397.9 hours for Allen plus 523.3 hours for LaFay, *see supra* n.3, which equals 921.2 hours, multiplied by 70% to take into account the 30% reduction, which equals 644.84 hours.

[8] In the Report and Recommendation, the Magistrate Judge recommends granting in part and denying in part Plaintiff's Motion for Taxation of Costs, finding that Plaintiff is entitled to costs in the amount of $4,140.23 after disallowing certain claimed costs. Doc. 191, pp. 15–19. Neither Plaintiff nor Defendants specifically objected to this recommendation, and the Court finds no error.

7. The Clerk is directed to enter judgment in favor of Plaintiff as to attorney's fees and costs in the total amount of $197,592.23, together with post-judgment interest thereon from the date of this Order, pursuant to 28 U.S.C. § 1961, at the legal rate. This judgment for fees and costs is awarded in favor of Plaintiff and against Defendants City of Orlando, Fernando Trinidad, Frank Sikos, and Edward Albino, jointly and severally.

**DONE** and **ORDERED** in Orlando, Florida on November 4, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge David A. Baker

15